# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 1:03CR00012-001 |
| v. | ) | **OPINION AND ORDER** |
| **WILLIAM IVON TURNER,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

Defendant William Ivon Turner, a federal inmate, has filed a motion to set aside or vacate part of his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, I will deny the motion.

The defendant was sentenced by this court on August 27, 2003, after a jury found him guilty of nine offenses that included armed bank robbery, carjacking, and violating federal gun and conspiracy laws. Two of the nine counts were for possession and use of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). The predicate offenses for his two § 924(c) convictions were the armed bank robbery and the carjacking. *See* 18 U.S.C. §§ 2113(a), 2113(d),

2113(e), and 2119. He was sentenced to life imprisonment on four of these counts, including the two § 924(c) convictions.[1]

On July 22, 2016, Turner filed a second motion pursuant to 28 U.S.C. § 2255, contending that his convictions on the § 924(c) counts were invalid based upon the holdings of the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (invalidating the residual clause of the "crime of violence" definition in the Armed Career Criminal Act ("ACCA") as unconstitutionally vague), and *Welch v. United States*, 136 S. Ct. 1257 (2016) (holding that *Johnson* applied retroactively in collateral review).[2]

Turner's § 2255 motion was held in abeyance while the Supreme Court heard a related vagueness challenge that was eventually decided in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) (invalidating the residual clause of the "crime of violence" definition in the Immigration and Nationality Act's definition of an aggravated felony). As most relevant to Turner's § 2255 motion, the Supreme Court recently invalidated the residual clause of § 924(c). *United States v. Davis*, 139 S. Ct. 2319

---

[1] The Fourth Circuit upheld Turner's convictions, as well as his sentence of life imprisonment for his carjacking conviction. *United States v. Turner*, 389 F.3d 111 (4th Cir. 2004), *cert. denied*, 544 U.S. 935 (2005). The Fourth Circuit also dismissed his appeal of my denial of Turner's first § 2255 motion, which was based on numerous claims of ineffective assistance of counsel. *United States v. Turner*, 268 F. App'x 230 (4th Cir. 2008) (per curiam) (unpublished).

[2] The Fourth Circuit granted Turner authorization to file a successive § 2255 motion. Order, No. 16-9544 (4th Cir. July 22, 2016).

(2019); *see also United States v. Simms*, 914 F.3d 229, 252 (4th Cir.) (holding that the residual clause of the "crime of violence" definition in § 924(c)(3)(B) was unconstitutionally vague, but noting that § 924(c)(3)(A) does not suffer from the same vagueness concerns), *cert. denied*, 140 S. Ct. 304 (2019). The *Davis* Court reasoned that § 924(c)(3)(B) suffered from the same unconstitutional vagueness as the ACCA's residual clause. The United States has filed a Second Supplemental Motion to Dismiss to address the applicability of the *Davis* decision to Turner's § 2255 motion, and the matter is now ripe for decision.

A "crime of violence" is defined in § 924(c)(3) as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Prior to *Davis*, the residual clause in § 924(c)(3) encompassed any felony offense that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). The first clause of the statute is referred to as the "force" clause, while the second clause is known as the "risk of force" clause and was found to be unconstitutionally vague in *Davis*.

In his present § 2255 motion, Turner contends that his § 924(c) convictions rested on the invalidated residual clause, so that these convictions must be set aside. However, the government is correct that the Fourth Circuit has already determined

that bank robbery by force or violence and carjacking respectively qualify as crimes of violence pursuant to § 924(c)(3)(A) rather than the residual clause. *See United States v. Evans*, 848 F.3d 242, 246–48 (4th Cir.) (holding that the crime of carjacking, which may be committed by "force and violence or by intimidation," qualifies as a crime of violence under the force clause, because the statute necessarily "requires the threatened use of [physical] force."), *cert. denied*, 137 S. Ct. 2253 (2017); *United States v. McNeal*, 818 F.3d 141, 152–53, 157 (4th Cir.) (holding that the crime of federal bank robbery, which may be committed by "force and violence, or by intimidation," qualifies as a crime of violence under the force clause, because the statute necessarily "involves the threat to use [physical] force."), *cert. denied*, 137 S. Ct. 164 (2016).[3] Therefore, I find that Turner's § 924(c) convictions are not disturbed by *Davis*, because his predicate offenses of federal bank robbery and carjacking fall within § 924(c)(3)(A) rather than the invalidated residual clause.

---

[3] The Fourth Circuit recently reaffirmed its reasoning and holding in *McNeal* in determining that Hobbs Act robbery qualifies as a crime of violence pursuant to § 924(c)(3)(A) rather than the residual clause. *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019).

For these reasons, it is **ORDERED** that the United States' Second Supplemental Motion to Dismiss, ECF No. 163, is GRANTED.[4]  A separate final order will be entered forthwith.

          ENTER:  December 9, 2019

          /s/  JAMES P. JONES
          United States District Judge

---

[4] The United States filed a Motion to Dismiss on October 11, 2016, ECF No. 127, and a Supplemental Motion to Dismiss on June 7, 2018, ECF No. 157.  It now relies solely on the grounds set forth in the Second Supplemental Motion to Dismiss, and accordingly its earlier motions are terminated as moot.