IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
March 11, 2025
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
     DEPUTY CLERK

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:03CR00012-001 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **WILLIAM IVON TURNER,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Whitney D. Pierce*, Assistant United States Attorney, Abingdon, Virginia, for the United States; *William Ivon Turner*, Pro Se Movant.

Defendant William Ivon Turner has filed a pro se motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons stated below, I will deny the motion.

I.

On April 1, 2003, a jury found Turner guilty of nine offenses, including carjacking, armed bank robbery, the use of a firearm during a crime of violence, and conspiracy to commit these offenses. On August 27, 2003, this court sentenced Turner to life imprisonment on four counts and terms of years on the remaining five counts.[1] Turner contends that his age, 66 years, declining health, and efforts at

---

[1] The Fourth Circuit upheld Turner's convictions, as well as his sentence of life imprisonment. *United States v. Turner*, 389 F.3d 111 (4th Cir. 2004), *cert. denied*, 544 U.S. 935 (2005). The Fourth Circuit also dismissed his appeal of my denial of Turner's first § 2255 motion, which was based on numerous claims of ineffective assistance of counsel.

rehabilitation weigh in favor of his release. He also argues that he received an "'unusually long sentence[]' given the abolishment of parole in the federal system." Mot. 11, ECF No. 182 (citation omitted). Specifically, Turner requests that his sentence be reduced to time served.

## II.

Section 3582(c)(1) permits a sentencing court to reduce a sentence if "extraordinary and compelling reasons warrant such a reduction," the reduction "is consistent with applicable policy statements issued by the Sentencing Commission," and the applicable factors listed in § 3553(a) weigh in favor of granting a reduction. 18 U.S.C. § 3582(c)(1)(A); *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022). Even if there are extraordinary and compelling reasons justifying a sentence reduction, the court must still analyze the § 3553(a) sentencing factors and decide whether those factors weigh in favor of granting compassionate release. *Id*. Turner has the burden to prove that he is entitled to a sentence reduction under § 3582(c)(1)(A)(i). *United States v. Mattingley*, No. 6:15-CR-00005, 2020 WL 974874, at *3 (W.D. Va. Feb. 28, 2020).

---

*United States v. Turner*, 268 F. App'x 230 (4th Cir. 2008) (per curiam) (unpublished). A second §2255 motion, allowed by the court of appeals, Order, No. 16-9544 (4th Cir. July 22, 2016), in which Turner was represented by counsel, was also denied. *United States v. Turner*, No. 1:03CR00012-001, 2019 WL 6702552 (W.D. Va. Dec. 9, 2019) (upholding convictions under 18 U.S.C. § 924(c) based on predicate crimes of armed bank robbery and carjacking).

III.

Turner committed serious crimes of violence when he engaged in an armed bank robbery and carjacking while illegally in possession of a firearm.[2]  Even if

---

[2]  In Turner's direct appeal. the Fourth Circuit described the criminal conduct as follows:

> Shortly before the close of business on December 26, 2002, Turner entered the Royal Oak branch of the Bank of Marion. Seated at her desk was Judy Cregger, the bank manager. Turner told her that he wished to open an account. As she approached him, he lifted his shirt to reveal a gun stuck in his belt, and said, "Ma'am, we're going to the vault." Cregger got the keys and led him to the vault. There he produced a pillowcase, ordering her to fill it with money. She placed some 12,000 one dollar bills in it, and told him that was all she had. The rest of the bank staff – no other customers were present – was unaware of the robbery until Turner, exiting the vault with the money, brandished his gun and ordered the tellers to get inside the vault. Once they were all inside, he left the bank and joined his companion, Merrie Ellen Reid.
>
> Cregger left the vault less than two minutes after Turner ordered the group inside and managed to see a large white car with Florida tags leave the parking lot. A witness arrived at the bank parking lot during the robbery and saw Turner get into the car. Turner and Reid headed north onto Interstate 81. At around 5:30 that evening, the police pulled the car over. They saw only Reid in the front seat. Before the officers could get a view of the back seat, Reid sped off. She eventually parked at a rural home after apparently having car trouble. Living there was eighteen-year-old Sean Hildreth, whom she asked for a ride to the store. He agreed. Before he pulled away, Turner appeared, begged for a ride, and jumped in.
>
> The police, who had been chasing Reid and Turner, saw the white car on Hildreth's property and at the same time saw Hildreth turn from the driveway. An officer of the State Police activated his lights to pull Hildreth over. Hildreth stopped the car in a high school parking lot, and the officer approached. Noticing Turner in the back seat, the officer reached for his weapon. Turner pointed his gun at the officer and the officer fled. Turner then put the gun to the back of Hildreth's head, and said, "Drive." When Hildreth was too scared to drive, Turner ordered him out of the car and

Turner were eligible for a reduction in sentence under § 3582(c)(1)(A)(i), the sentencing factors support denial based on Turner's criminal history and the need to protect the safety of the community.  Therefore, a reduction in Turner's sentence at this time would not be appropriate.  I do not foreclose a reduction at some later time.

IV.

Accordingly, the Motion for Compassionate Release, ECF No. 182, is DENIED.

It is so **ORDERED**.

ENTER:  March 11, 2025

/s/  JAMES P. JONES
Senior United States District Judge

---

assumed the driver's seat. Before Turner could leave, officers surrounded the car. They arrested Turner and Reid, and recovered Turner's gun and the pillowcase with $12,000 in it.

*United States v. Turner,* 389 F.3d at 114).