CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED
August 28, 2025
LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:03CR00012-001 |
| v. | ) OPINION AND ORDER |
| WILLIAM IVON TURNER, | ) JUDGE JAMES P. JONES |
| Defendant. | ) |

*William Ivon Turner, Pro Se Movant.*

Defendant William Ivon Turner has filed a second pro se motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). I denied his previous motion in March 2025. Order, Dkt. No. 185. For the reasons stated below, I will also deny this motion.

I.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and if the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has adopted such policy statements. U.S. Sent'g Guidelines Manual (USSG) § 1B1.13 (U.S. Sent'g Comm'n 2024). But even if the court finds an extraordinary and compelling reason for reduction, the court must consider the applicable 18 U.S.C.

§ 3553(a) factors. *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021). A defendant seeking compassionate release has the burden of establishing that it is warranted. *United States v. Bryant*, 720 F. Supp. 3d 450 (W.D. Va. 2024).

II.

On April 1, 2003, a jury found Turner guilty of nine offenses, including carjacking, armed bank robbery, the use of a firearm during a crime of violence, and conspiracy to commit these offenses. On August 27, 2003, this court sentenced Turner to life imprisonment on four counts and terms of years on the remaining five counts.[1] In his motion, Turner raises two change-in-law arguments regarding 18 U.S.C. §§ 922(g) and 924(c).

III.

Section 1B1.13 provides that a sentence reduction may be permitted by "extraordinary and compelling" reasons under 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13(b)(6) states, "[A] change in law . . . may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only

---

[1] The Fourth Circuit upheld Turner's convictions, as well as his sentence of life imprisonment. *United States v. Turner*, 389 F.3d 111 (4th Cir. 2004), *cert. denied*, 544 U.S. 935 (2005). The Fourth Circuit also dismissed his appeal of my denial of Turner's first § 2255 motion, which was based on numerous claims of ineffective assistance of counsel. *United States v. Turner*, 268 F. App'x 230 (4th Cir. 2008) (per curiam) (unpublished). A second § 2255 motion, allowed by the court of appeals, Order, No. 16-9544 (4th Cir. July 22, 2016), in which Turner was represented by counsel, was also denied. *United States v. Turner*, No. 1:03CR00012-001, 2019 WL 6702552 (W.D. Va. Dec. 9, 2019) (upholding convictions under 18 U.S.C. § 924(c) based on predicate crimes of armed banked robbery and carjacking).

where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."

Here, Turner has not made the requisite showing to be eligible under § 1B1.13. Turner states no specific claims about 18 U.S.C. §§ 922(g) and 924(c). Rather, he simply states he was "made aware" of "new law and amendments" relating to the statutes and that he believes "the new laws in place can help reduce" his sentence. Mot. 1, Dkt. No. 190.

Section 924(c) provides for a punishment ranging from five years to life for using or carrying a firearm during and in relation to a "crime of violence" or drug trafficking crime. In 2016, Turner filed a § 2255 motion involving § 924(c), arguing that recent Supreme Court decisions compelled a finding that two of his four life sentences, imposed under § 924(c), were void because the statutory definition of "crime of violence" is unconstitutionally vague. Mot. Vacate, Dkt. No. 109.

I denied Turner's motion because the Fourth Circuit had already determined that bank robbery by force or violence and carjacking respectively qualify as crimes of violence. His convictions were therefore not disturbed by the decisions. Order, Dkt. No. 168. There have been no significant developments regarding § 924(c) that would justify reaching a different conclusion now, and Turner's motion does not identify any. Further, Turner states no specific claims about 18 U.S.C. § 922(g) for

me to address.  Therefore, I deny the motion based on Turner's two change-in-law arguments.

Turner also requests "legal assistance to guide [him] through the formalities" of the compassionate release motion.  Mot. 1, Dkt. No. 190.  A woman, who had a child with Turner before he was incarcerated, also submitted a letter on his behalf.  Letter, Dkt. No. 191.  However, even if Turner were able to show extraordinary and compelling reasons, a consideration of the § 3553(a) factors would convince me not to grant relief.

Turner committed serious crimes of violence when he engaged in an armed bank robbery and carjacking while illegally in possession of a firearm.  *United States v. Turner*, 389 F.3d at 114. The sentencing factors support denial based on Turner's criminal history, the need to protect the safety of the community, and the need for the sentence imposed to reflect the seriousness of the offense.  Therefore, a reduction in Turner's sentence would not be appropriate.  However, I still do not foreclose a reduction at some later time.

IV.

Accordingly, it is **ORDERED** that the defendant's motion, Dkt. No. 190, is DENIED.

ENTER: August 28, 2025

/s/  JAMES P. JONES
Senior United States District Judge